UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TRADITIONAL LEATHER,

           Plaintiff,                                    **DEFENDANT'S ANSWER WITH**

    -against-                                    **JURY TRIAL DEMAND**

ATLAS REFINERY, INC.,                           Civil Action No:

            Defendant.

Defendant, Atlas Refinery, Inc., by and through it's attorneys, Law Offices of John W. Bailey & Associates, P.C., as and for an Answer to Plaintiff's Complaint states as follows:

    1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "1", "3", "4", "5", "6" "7", and "15".

    2.      Admits the allegation contained in paragraph "2".

    3.      Deny the allegations contained in paragraphs numbered "8", "9", "10", "11", "12", "13", "14", and "16".

### AS AND FOR THE FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

    4.      Defendants repeat and reallege its response to each and every allegation contained in paragraphs "1" through "16", as though set forth fully herein.

    5.      Deny the allegations contained in paragraph numbered "18", and defer all other allegations in those paragraphs to the Court, insofar as they state conclusions of law.

    6.      Deny the allegations contained in paragraph numbered "19".

**AS AND FOR THE SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT - UNJUST ENRICHMENT**

7. Defendants repeat and reallege its response to each and every allegation contained in paragraphs "1" through "16", and "18" through "19" as though set forth fully herein.

8. Deny the allegations contained in paragraph numbered "21".

**AS AND FOR THE THIRD CAUSE OF ACTION**
**BREACH UNDER UNIFORM COMMERCIAL CODE**

9. Defendants repeat and reallege its response to each and every allegation contained in paragraphs "1" through "16", "18" through "19", and "21" as though set forth fully herein.

10. Deny the allegations contained in paragraph numbered "23", and defer all other allegations in those paragraphs to the Court, insofar as they state conclusions of law.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "24" in so far as it is claimed that Defendant properly rejected the goods, and deny insofar as Plaintiff intended to allege Plaintiff properly rejected the goods.

12. Deny the allegations contained in paragraph numbered "25".

**AS AND FOR THE FOURTH CAUSE OF ACTION**
**NEGLIGENCE**

13. Defendants repeat and reallege its response to each and every allegation contained in paragraphs "1" through "16", "18" through "19", "21", and "23" through "25" as though set forth fully herein.

14. Deny the allegations contained in paragraphs numbered "27" and "28".

## AS AND FOR THE FIFTH CAUSE OF ACTION
### *RES IPSA LOQUITOR*

15. Defendants repeat and reallege its response to each and every allegation contained in paragraphs "1" through "16", "18" through "19", "21", "23" through "25", and "27" through "28" as though set forth fully herein.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "30", "31", "33", and "35".

17. Deny the allegations contained in paragraphs numbered "32", "34", "37", and "38".

18. Deny the allegations contained in paragraph numbered "36", and defer all other allegations in those paragraphs to the Court, insofar as they state conclusions of law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Plaintiff fails to state a cause of action in it's Complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The damages allegedly sustained by plaintiff was brought about by reason of its contributory negligence, or other culpable conduct, and by reason thereof, the amount of damages, if any, which may be recovered by plaintiff shall be diminished in the proportion which its contributory negligence, or other culpable conduct, bears to the negligence, or other culpable conduct, of defendant, if any.

21. By reason of the foregoing, the amount of damages otherwise recoverable by plaintiff should be diminished in proportion to such culpable conduct on the part of the

plaintiff or a third party not then or there within the control of defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Whatever damages plaintiff may have sustained at the time and place alleged in the complaint were caused in whole or in part, or were contributed to, by the culpable conduct and want of care on the part of some third party over whom this defendant had no control and without any negligence or fault or want of care on the part of defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Upon information and belief, the damages, if any, alleged in plaintiff's complaint were proximately caused by the abuse and/or unforeseeable misuse of the product referred to in plaintiff's complaint, either by plaintiff or others over whom defendant had no control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Answering defendant pleads that if liable at all in this matter, that liability is fifty percent (50%) or less and by reason of such, answering defendant's liability to plaintiff for non-economic loss shall not exceed this defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Upon information and belief, the damages alleged in the complaint were the result of an independent and intervening cause or causes over which defendant had not control or right of control and in no way participated.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26.     The produce and/or materials alleged to have been manufactured and/or distributed by defendant was not in the same condition at the time of the alleged occurrence as it was in when it left defendant's custody and control.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

27.     Upon information and belief, plaintiff's claims against answering defendant are barred by virtue of plaintiff's failure to comply with the applicable requirements under the Uniform Commercial Code.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28.     Plaintiff has failed to take all reasonable and necessary steps to mitigate its damages.

**WHEREFORE**, defendant demands judgment dismissing the complaint herein together with costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

Dated: May 15, 2006                        Law Offices of John W. Bailey & Associates, PC


                                           By:     S/
                                           _____
                                             Nannette R. Kelleher
                                             Bar Roll No.: 509251
                                           Attorneys for Defendant
                                           Pine West Plaza 2, Suite 202
                                           Washington Avenue Extension
                                           Albany, New York 12205
                                           (518) 456-0082
                                           NRKelleher@jwbaileylaw.com

TO:   Judy McGowan, Esq.
      Attorney for Plaintiff
      4722 State Highway 30
      Amsterdam, New York 12010
      (518) 843-2393