UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TRADITIONAL LEATHER,

                          Plaintiff,

-against-

ATLAS REFINERY, INC.,

                          Defendant.

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Civil Action No: 06-CV-0607
(DNH/GJD)

Defendant, Atlas Refinery, Inc., by and through its attorneys, Law Offices of John W. Bailey & Associates, P.C., as and for an Answer to Plaintiff's Amended Complaint states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "1", "3", "4", "5", "6", "7", and "15".

2. Admits the allegation contained in paragraph "2".

3. Denies the allegations contained in paragraphs numbered "8", "9", "10", "11", "12", "13", "14", and "16".

4. Defendant hereby demands a jury trial in this action.

## AS AND FOR THE FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

5. Answering paragraph "17", Defendant repeats and realleges its response to each and every allegation contained in paragraphs "1" through "16", as though set forth fully herein.

6. Denies the allegations contained in paragraph numbered "18", and defers all other allegations in that paragraph to the Court, insofar as it states conclusions of law.

7. Denies the allegations contained in paragraph numbered "19".

## AS AND FOR THE SECOND CAUSE OF ACTION
## BREACH OF CONTRACT - UNJUST ENRICHMENT

8. Answering paragraph "20", Defendant repeats and realleges its response to each and every allegation contained in paragraphs "1" through "16", and "18" through "19" as though set forth fully herein.

9. Denies the allegations contained in paragraph numbered "21".

## AS AND FOR THE THIRD CAUSE OF ACTION
## BREACH UNDER UNIFORM COMMERCIAL CODE

10. Answering paragraph "22", Defendant repeats and realleges its response to each and every allegation contained in paragraphs "1" through "16", "18" through "19", and "21" as though set forth fully herein.

11. Denies the allegations contained in paragraph numbered "23", and defers all other allegations in that paragraph to the Court, insofar as it states conclusions of law.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "24" in so far as it is claimed that Defendant properly rejected the goods, and denies insofar as Plaintiff intended to allege Plaintiff properly rejected the goods.

13. Denies the allegations contained in paragraph numbered "25".

### AS AND FOR THE FOURTH CAUSE OF ACTION
### NEGLIGENCE

14. Answering paragraph "26", Defendant repeats and realleges its response to each and every allegation contained in paragraphs "1" through "16", "18" through "19", "21", and "23" through "25" as though set forth fully herein.

15. Denies the allegations contained in paragraphs numbered "27" and "28".

### AS AND FOR THE FIFTH CAUSE OF ACTION
### *RES IPSA LOQUITOR*

16. Answering paragraph "29", Defendant repeats and realleges its response to each and every allegation contained in paragraphs "1" through "16", "18" through "19", "21", "23" through "25", and "27" through "28" as though set forth fully herein.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "30", "31", "33", and "35".

18. Denies the allegations contained in paragraphs numbered "32", "34", "37", and "38".

19. Denies the allegations contained in paragraph numbered "36", and defers all other allegations in that paragraph to the Court, insofar as they state conclusions of law.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. The Supreme Court of the State of New York does not have jurisdiction to hear this case by virtue of the fact that it has been removed to Federal District Court. Attached hereto and made a part hereof as Exhibit "A" is a true and accurate copy of the

Notice of Removal filed in the District Court, Northern District of New York, on May 17, 2006. Attached hereto and made a part hereof as Exhibit "B" is a copy of Plaintiff's Amended Complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21.     Plaintiff lacks jurisdiction over Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22.     Plaintiff's Amended Complaint was not properly served.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23.     Plaintiff fails to state a cause of action in its Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24.     The damages allegedly sustained by Plaintiff were brought about by reason of its contributory negligence, or other culpable conduct, and by reason thereof, the amount of damages, if any, which may be recovered by Plaintiff shall be diminished in the proportion which its contributory negligence, or other culpable conduct, bears to the negligence, or other culpable conduct, of Defendant, if any.

25.     By reason of the foregoing, the amount of damages otherwise recoverable by Plaintiff should be diminished in proportion to such culpable conduct on the part of the Plaintiff or a third party not then or there within the control of Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26.     Whatever damages Plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part, or were contributed to, by the culpable

conduct and want of care on the part of some third party over whom this Defendant had no control and without any negligence or fault or want of care on the part of Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. Upon information and belief, the damages, if any, alleged in Plaintiff's Complaint were proximately caused by the abuse and/or unforeseeable misuse of the product referred to in Plaintiff's Complaint, either by Plaintiff or others over whom Defendant had no control.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

28. Answering Defendant pleads that if liable at all in this matter, that liability is fifty percent (50%) or less and by reason of such, answering Defendant's liability to Plaintiff for non-economic loss shall not exceed this Defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. Upon information and belief, the damages alleged in the Complaint were the result of an independent and intervening cause or causes over which Defendant had no control or right of control and in no way participated.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30. The product and/or materials alleged to have been manufactured and/or distributed by Defendant were not in the same condition at the time of the alleged occurrence as they were in when they left Defendant's custody and control.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

31. Upon information and belief, Plaintiff's claims against answering Defendant are barred by virtue of Plaintiff's failure to comply with the applicable requirements under the Uniform Commercial Code.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32. Plaintiff has failed to take all reasonable and necessary steps to mitigate its damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33. If a contract did in fact exist between Plaintiff and Defendant, Plaintiff's claims are barred by virtue of Plaintiff's failure to fully perform under such contract.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint herein together with costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

Dated: June 6, 2006

Law Offices of John W. Bailey & Associates, PC

By: ____s/Cynthia H. Beaudoin____
Cynthia H. Beaudoin
Bar Roll No: 513416
Attorneys for Defendant
Pine West Plaza 2, Suite 202
Washington Avenue Extension
Albany, New York 12205

TO: Judy McGowan, Esq.
Attorney for Plaintiff
4722 State Highway 30
Amsterdam, New York 12010