UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRADITIONAL LEATHER v. ATLAS                 6:06-CV-607
REFINERY, INC.                                DNH/GJD
_____

TRADITIONAL LEATHER, Plaintiff
NANNETTE R. KELLEHER, ESQ., for Defendant

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd.  Presently before the court is defendant's motion to dismiss this action for failure to prosecute this case pursuant to FED. R. CIV. P. 41(b). (Dkt. No. 13).  Plaintiff has not responded to the motion.  For the following reasons, this court agrees with defendant and will recommend dismissal of the complaint.

This action was removed from Supreme Court, Fulton County on May 17, 2006. (Dkt. No. 1).  On September 15, 2006, this court granted a motion by Judy L. McGowan, Esq. to be relieved as counsel for plaintiff Traditional Leather. (Dkt. No. 10).  In that order, I informed plaintiff Traditional Leather that it must retain new counsel because plaintiff is a corporation, and it may ***not proceed without representation by an attorney***. *See Grace v. Bank Leumi Trust* Co., 443 F.3d 180, 192 (2d Cir. 2006); Eagle *Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  In that order, I stated that any newly -retained counsel for plaintiff must file a notice of appearance by October 30, 2006.  I also specifically ordered service by mail upon Traditional Leather at its last-known address.

No response was filed by plaintiff, and no notice of appearance was filed by any

newly-retained counsel.  On November 9, 2006, I issued *another order*, requiring plaintiff to retain new counsel. (Dkt. No. 11).  In that order, I stated that the new counsel's notice of appearance was to be filed by November 30, 2006.  I ordered that the Clerk of the Court serve Traditional Leather by mail.  Once again, plaintiff did *not* respond, nor did any counsel appear on behalf of plaintiff.

On December 5, 2006 I gave plaintiff Traditional Leather *another* opportunity to comply with the court's prior orders. (Dkt. No. 12).  I gave plaintiff until January 15, 2007 within which to hire new counsel and have counsel file a notice of appearance.  I also specifically stated that if plaintiff failed to comply, I would recommend dismissal of the action. (Dkt. No. 12 at 2).  On February 16, 2007, defense counsel made a motion to dismiss for failure to prosecute. (Dkt. No. 13).

Plaintiff has *again failed to contact the court in any way*, and *no counsel has filed a notice of appearance on behalf of the plaintiff corporation*.  Plaintiff has also failed to respond to defendant's motion to dismiss.  Clearly, plaintiff has lost interest in pursuing this action.  In *Grace v. Bank Leumi Trust Co.,* the Second Circuit made it quite clear that the rule requiring a corporation to appear by licensed counsel has been applied to dismiss any action filed by a corporation purporting to act pro se. 443 F.3d at 192.

Rule 41(b) of the Federal Rules of Civil Procedure provides that the court may dismiss and action for failure to prosecute or for failure to comply with any order of the court. FED. R. CIV. P. 41(b).  Dismissal is a harsh remedy, only to be utilized in extreme situations. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).  The court must

be hesitant to dismiss for procedural deficiencies where the failure is by a pro se litigant. *Id.* Where a plaintiff is pro se, the court must consider (1) the duration of the plaintiff's failure to comply with the court's order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in being heard; and (5) whether there are other less drastic sanctions available. *Id.* at 112-13 (citing *inter alia Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In this case, the court has no alternative but to recommend dismissal. Plaintiff was aware in August of 2006[1] that the company's attorney was moving to withdraw from the case. (Dkt. No. 6). I granted counsel's motion on September 16, 2006 and ordered plaintiff to obtain new counsel at that time, clearly explaining that as a company, Traditional Leather could not proceed pro se and affording plaintiff thirty days to obtain counsel. (Dkt. No. 10). The delay has now been more than six months. Although a six month delay in itself may not ordinarily be significant, since September 16, 2006, I have issued ***two additional orders***, explaining that plaintiff must obtain counsel and warning plaintiff that the case was subject to dismissal if plaintiff did not comply with the court's order. (Dkt. Nos. 11, 12).

In my last order, dated December 5, 2006, I told plaintiff that I would give the company "***one final opportunity***" to hire an attorney to prosecute this action. (Dkt.

---

[1] Plaintiff may have been aware prior to that date, but for purposes of this recommendation, the court will consider that plaintiff was aware at the time that counsel filed the motion to withdraw.

3

No. 12). I specifically stated that I would recommend dismissal if plaintiff did not comply. Thus, plaintiff has been warned *three* times that the case is subject to dismissal if no attorney appears. There has been absolutely no correspondence from the plaintiff, whether to state that the company had obtained counsel or to request an extension of time to do so. This case is now almost one year old, and it appears that there has been absolutely no action in the case since it was removed from New York State Supreme Court in Fulton County, other than plaintiff's original counsel's motion to withdraw and this court's orders requiring plaintiff to obtain substitute counsel. Further delay will clearly prejudice defendants.

Although plaintiff has a "right to be heard," plaintiff has continued to ignore the court's orders. It therefore appears that plaintiff is no longer interested in being heard. Finally, this court has no alternative at this point but to recommend dismissal. Plaintiff has been told that the case cannot proceed without counsel. Thus, there are no lesser sanctions that the court can impose, and the case may be dismissed both because plaintiff cannot proceed pro se and because plaintiff has failed to prosecute this action by continuing to ignore court orders.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that, defendant's motion to dismiss (Dkt. No. 13) be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE** for failing to obtain counsel or to request an extension of time to do so and pursuant to FED. R. CIV. P. 41(b), and it is further

**ORDERED**, that the Clerk of the Court shall mail a copy of this Order to

4

Traditional Leather, 41 West 11th Avenue, Gloversville, New York 12078.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 27, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge